IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KAMERON KILBOURNE,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>GUARDIAN LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-036-DBB-DBP<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff's Motion for Discovery. (ECF No. 21.)[1] "Plaintiff seeks an Order allowing him to take four (4) depositions of Defendant's medical consultants and employees, in addition to the limited written discovery permitted under this Court's Scheduling Order dated March 7, 2022." (ECF No. 21 p. 2.) For the reasons set forth herein, the court grants the motion in part.

## BACKGROUND

Plaintiff, Kameron Kilbourne, was a 25-year-old Forensic Accountant, who in 2019 following a flight from Hawaii to his home in Utah suffered a pulmonary embolism. Prior to this time Plaintiff represents he lived a vibrant active life. After this experience his health struggled and doctors noted multiple diagnoses. The parties dispute exactly what other supported diagnoses Plaintiff received during the relevant time frame, and even Defendant notes that it "is unclear why reviewing physicians listed all these conditions as prior diagnoses." (ECF No. 43 p. 4.)

---

[1] This case is referred to the undersigned from Judge David Barlow pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 6.) The court decides this motion based on the written memoranda. DUCivR 7-1(g).

Following a diagnosis of fibromyalgia, Kilbourne suffered another pulmonary embolism in July 2019. Kilbourne then underwent treatment and visited various physicians during the next year. On August 15, 2021, Plaintiff suffered a third pulmonary embolism. Based on the health challenges Kilbourne faced he sought disability benefits.

Kilbourne was covered under Defendant's group long-term disability policy in which his employer participated. Kilbourne received short-term disability benefits from January 24, 2019, through approximately July 25, 2019, when short-term disability benefits ended. At this point, long-term disability (LTD) benefits would begin. Kilbourne applied for LTD benefits and was aided in that effort by his father. The parties outline a timeline for the submission of the medical evidence considered in the LTD benefits determination. The record indicates there were some bumps in the road in obtaining medical evidence. At times the records were slow in arriving to Defendant and it appears this slowness had a variety of potential causes, including communications between the parties and some slow responses by Plaintiff or his father. None of these circumstances, however, are determinative of the court's decision.

Following a review of the medical record, Defendant concluded Plaintiff was not disabled under the LTD benefit provision on approximately the date his LTD benefits would begin. Plaintiff appealed the initial decision with Defendant and Defendant affirmed its decision. This suit then followed.

## LEGAL STANDARD

Generally, in an ERISA case, judicial review is "limited to the administrative record—the materials compiled by the administrator in the course of making his decision." *Holcomb v. Unum Life Ins. Co. of Am.*, 578 F.3d 1187, 1192 (10th Cir. 2009) (quoting *Fought v. UNUM Life Ins. Co. of Am.*, 379 F.3d 997, 1003 (10th Cir. 2004)). But a district court has discretion in permitting

discovery "given the variety of ERISA cases which are brought" and the "varied situations in which the administrative record alone may be insufficient to provide proper … review." *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1203 (10th Cir. 2002) (citation and quotations omitted). The party seeking to supplement the record bears the burden of "establishing why [this court] should exercise its discretion to admit particular evidence by showing how that evidence is necessary [for] review." *Id.* It is the "unusual case in which [this court] should allow supplementation of the record" *id.* and, the Tenth Circuit has provided some guidance of "exceptional circumstances" that could warrant the admission of additional evidence. These include:

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Id.* Yet, even when these circumstances exist, there is no requirement to admit additional evidence if the court concludes "the case can be properly resolved on the administrative record without the need to put the parties to additional delay and expense." *Id.* (citation and quotations omitted).

## DISCUSSION

As an initial starting point, there was a dispute between the parties arising from the funding source of short-term disability benefits and LTD benefits. Plaintiff thought based on documentation he initially received in discovery, that his employer paid short-term benefits, while Defendant paid LTD benefits. In sur-reply to Plaintiff's motion, however, Defendant noted

the wrong documentation was inadvertently sent. Evidently, Defendant provided Plaintiff with the current summary plan descriptions rather than those that applied to Plaintiff's January 2019 benefits claim. Under the relevant plan descriptions, Plaintiff's short-term disability benefits and the LTD benefits were both fully funded by Defendant. This change in funding is significant because it undermines Plaintiff's argument. Plaintiff argues that additional discovery is warranted because under nearly identical standards of review he received short-term disability benefits paid for by his employer while being denied LTD benefits by Defendant. This argument is not supported by the record based on the correct documents. Having set that argument aside, the court turns to Plaintiff's remaining contentions.

    Plaintiff argues this is not your typical case involving a physician reviewer. Rather, a number of unique circumstances warrant discovery. For example, Defendant acknowledges several diagnoses listed by the physician reviewer are unsupported by the same medical records that Defendant ultimately relied upon in denying benefits. The physician erroneously dated his report, and it is the only physician who reviewed Plaintiff's ailments on Defendant's behalf. Plaintiff's second pulmonary embolism, which occurred prior to the end of the LTD benefits applicability period, was not listed in the physician's report. Moreover, the record indicates that Plaintiff received short-term disability benefits, yet then was denied LTD benefits under very similar standards. In essence, it is not just the individual discrepancies in the record, rather, it is the sum total that supports a finding of "exceptional circumstances" warranting discovery.

    Defendant asserts each of these circumstances has a reasonable explanation. The inadvertent sending of wrong summary plan documents and giving Plaintiff the "benefit of the doubt" in providing him short-term disability benefits but not LTD benefits under similar standards, explain away possible biases in the record that could support discovery. Further,

Defendant did not ignore any records because the claim manager simply scanned in certain records the day after the denial letter was being finalized and sent. And, in any event, such records were considered as part of the appeals process. Finally, Defendant "acknowledged the discrepancy [between dates listed on the physician reviewer's report] in claim notes" and the date the report was forwarded to Plaintiff. Given these reasonable explanations, further discovery is unnecessary according to Defendant.

In a recent decision from this court, the court noted that "the rule against admitting extra-record evidence in ERISA cases is nuanced and Tenth Circuit courts have been 'cautioned against too broad of a reading of [Circuit] precedent regarding supplementation of an ERISA administrative record.'" *H.R. v. United Healthcare Ins. Co.*, No. 221CV00386RJSDBP, 2022 WL 5246662, at *3 (D. Utah Oct. 6, 2022) (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1129 (10th Cir. 2011)); *see Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1159 (10th Cir. 2010) ("Although we have frequently used broad language to describe our restriction on extra-record discovery and supplementation, the breadth of that language can be misleading, at least to some degree."). To that end, the Tenth Circuit noted flexibility in *Hall* to address the "varied situations in which the administrative record alone may be insufficient to provide proper … review." *Hall,* 300 F.3d at 1203 (citation and quotations omitted). Here, the totality of the unique circumstances leads the court to find that additional discovery is warranted.

In its motion, Plaintiff seeks an order allowing four depositions of "Defendant's medical consultants and employees, in addition to the limited written discovery permitted under this Court's Scheduling Order." (ECF No. 21.) The court is persuaded given the unique circumstances that a deposition of Defendant's only physician consultant to address Plaintiff's

physical disabilities, Benjamin Kretzmann, M.D., is warranted along with a 30(b)(6) witness for Defendant that can speak to the possible irregularities in the record and other relevant inquiries. In addition, other "limited written discovery" foreseen in the court's scheduling order is also permissible. The court, however, is not persuaded that nurse reviewer, Gail Rogan R.N., and the appeals case manager, Jamie Mineo, need be deposed based on the facts before the court. By allowing some discovery the court seeks to strike a balance between addressing a varied situation without creating too much additional delay and added expense. See *Hall*, 300 F.3d at 1203.

## ORDER

Plaintiff's Motion therefore is GRANTED in PART.

IT IS SO ORDERED.

DATED this 27 December 2022.

_____
Dustin B. Pead
United States Magistrate Judge